UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLORIA R.,

                     Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

CASE NO. 2:21-cv-01689-TL

ORDER REVERSING, IN PART, AND REMANDING THE COMMISSIONER'S FINAL DECISION

       Plaintiff seeks review of the denial of her application for disability insurance benefits. Plaintiff contends the Administrative Law Judge ("ALJ") erred by rejecting her testimony, ignoring the medical opinion of Dr. Amie Shah, and improperly assessing her residual functional capacity ("RFC"). Dkt. No. 11, at 1. For the reasons discussed below, the Court REVERSES IN PART the Commissioner's final decision and REMANDS the matter for further administrative proceedings under 42 U.S.C. § 405(g).

## I.    LEGAL STANDARD

       This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *see also Havens v. Kijakazi*, No. 21-35022,

2022 WL 2115109, at *1 (9th Cir. June 13, 2022) (applying the standard and reversing ALJ's decision). The ALJ is responsible for evaluating evidence, in part by resolving conflicts in medical testimony and resolving any other ambiguities that might exist. *Ford*, 950 F.3d at 1149 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Ford*, 950 F.3d at 1154. The Court "must examine the record as a whole" and may not affirm the ALJ's decision simply by 'isolating a specific quantum of supporting evidence.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)). Finally, this Court "may not reverse an ALJ's decision on account of a harmless error." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).

## II.   DISCUSSION

Under the Social Security Act, a claimant is considered "disabled" if: (1) the individual is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," 42 U.S.C. § 1382(c)(a)(3)(A), and (2) the individual's physical or mental impairment or impairments are of such severity that [the person] is not only unable to do [the person's] previous work but cannot, considering [the person's] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy," 42 U.S.C. § 1382(c)(a)(3)(B). To determine whether a claimant is disabled within the meaning of the Social Security Act (and, therefore, eligible for benefits), an ALJ follows a five-step sequential evaluation pursuant to 20 C.F.R. § 404.1520.(a):

ORDER REVERSING, IN PART, AND
REMANDING THE COMMISSIONER'S
FINAL DECISION - 2

1  Determine if the claimant is presently engaged in a "substantial gainful activity." § 404.1520(a)(4)(i). If so, then the claimant is not disabled. If not, then the ALJ proceeds to step two.

2  Decide whether the claimant's impairment or combination of impairments is "severe," § 404.1520(a)(4)(ii), meaning that it significantly limits the claimant's "physical or mental ability to do basic work activities. § 404.1522(a). If the impairment(s) is severe, then the ALJ proceeds to step three.

3  Evaluate whether the claimant has an impairment, or combination of impairments, that meets or equals the criteria of any of the impairments listed in the "Listing of Impairments." § 404.1520(a)(4)(iii). If so, then the ALJ proceeds to step four.

4  Assess the claimant's residual functional capacity (RFC) to determine whether the claimant can perform past relevant work. If so, then the claimant is not disabled. If not, then the ALJ proceeds to step five.

5  Assess whether "the claimant can perform a significant number of other jobs in the national economy." If so the claimant is not disabled.

*Ford v. Saul*, 950 F.3d at 1148 (citations omitted). The burden of proof is on the claimant at steps one through four but shifts to the agency to prove that "the claimant can perform a significant number of other jobs in the national economy" at the fifth step. *Id.* at 1149 (citation omitted).

In this case, the ALJ determined that Plaintiff cannot perform her past work, but has the RFC to perform light work with some postural, environmental, and mental limitations. Administrative Record ("AR") 20.[1] Based on Plaintiff's RFC and relying on vocational expert testimony, the ALJ found Plaintiff can perform a significant number of jobs in the national economy; and therefore, Plaintiff is not disabled. AR 23–24. Plaintiff challenges the ALJ's decisions at steps four and five, specifically the ALJ's evaluation of her symptom testimony, the medical opinion of Dr. Amie Shah, and the ALJ's RFC assessment.

**A. Plaintiff's Subjective Symptoms Testimony**

Where as here, an ALJ determines that a claimant has presented objective medical

---

[1] The Administrative Record is filed as a sealed record at Docket No. 9.

ORDER REVERSING, IN PART, AND
REMANDING THE COMMISSIONER'S
FINAL DECISION - 3

evidence establishing underlying impairments that could cause the symptoms alleged, and there is no evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity "by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). Plaintiff contends the ALJ erred by failing to give clear and convincing reasons for rejecting her symptom testimony. Dkt. No. 11, at 2–5.

Plaintiff testified she stopped working due to a combination of her mental and physical health symptoms. AR 46. With regard to her mental health symptoms, Plaintiff testified about how her depression and anxiety affect her sleeping, ability to drive, and ability to interact with others, including family members. AR 39, 47, 49. She explained her mental health symptoms improved briefly after taking medication, but have worsened again. AR 48. Plaintiff has continued to take medication but still has problems sleeping. AR 48–49. As to her physical health symptoms, Plaintiff testified about the pain in her joints, knees, shoulders, back, hands, fingers, and toes. AR 50. Because of her overall body pain, Plaintiff explained she is "tired all the time," needs to lie down every 15 to 20 minutes during a normal eight-hour workday, and can only sit upright up to 15 minutes before having to change positions. AR 50–51. Plaintiff also testified to having problems with her memory. AR 39.

In this case, the ALJ erred in rejecting Plaintiff's testimony about her mental health symptoms. The ALJ found Plaintiff's testimony inconsistent with the medical evidence and cited to *physical* examinations showing Plaintiff often had normal affect, speech, thought process, memory, judgment, and content. AR 21–22. But the ALJ did not explain how these findings contradict Plaintiff's testimony about her depression and anxiety affecting her sleeping habits and ability to drive, work, or interact with others. Besides these treatment notes, the ALJ cited to no other medical evidence that supports the finding that the medical evidence was inconsistent

ORDER REVERSING, IN PART, AND
REMANDING THE COMMISSIONER'S
FINAL DECISION - 4

1    with Plaintiff's statements. Without more, the Court cannot say the ALJ provided a clear and

2    convincing reason to reject Plaintiff's testimony about her mental health symptoms.

3    The Court finds, on the other hand, that the ALJ did provide a clear and convincing

4    reason to reject Plaintiff's testimony about her overall body pain and fatigue. The ALJ

5    reasonably found the severity of pain and fatigue that Plaintiff testified to was not reflected in her

6    medical records. AR 20. Though Plaintiff presented with complaints about pain and fatigue, her

7    physical examinations showed no weakness in either of her extremities and no restriction of

8    movement in her joints. AR 273–74, 319. Despite Plaintiff's complaints, she was observed as

9    having a full range of motion in her hands, wrist, ankles, and normal internal rotation with her

10   hips. AR 278–80. Plaintiff's shoulder was "overall stable" and "normal." AR 307. Despite

11   complaints of knee pain and some swelling, Plaintiff's knee was observed as "stable" and

12   "normal." AR 311–12. Her lower leg was "normal" despite some tenderness. AR 612.

13   Additionally, Dr. Hale found Plaintiff's statements about her pain only "partially

14   consistent" with Plaintiff's medical records. AR 65. Dr. Hale noted that despite Plaintiff's

15   complaint of ongoing pain, her physical examinations consistently demonstrated full range of

16   motion and "5/5 strength throughout," and opined Plaintiff could sit, stand, and/or walk for about

17   six hours in an eight-hour workday with normal breaks. *Id*. An ALJ offers a clear and convincing

18   reason in discounting a claimant's testimony when it is inconsistent with objective medical

19   evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)

20   ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's

21   subjective testimony."); *see also Jennings v. Saul*, 804 F. App'x 458, 463 (9th Cir. 2020) (ALJ

22   offered clear and convincing reasons for rejecting claimant's testimony where it was

23   "inconsistent with the objective medical evidence and the medical record as a whole").

ORDER REVERSING, IN PART, AND
REMANDING THE COMMISSIONER'S
FINAL DECISION - 5

1   Considering Plaintiff's medical record consistently showed her having a full range of motion and

2   full strength while she simultaneously reported body pain and fatigue, the ALJ could reasonably

3   find Plaintiff's statements about her physical symptoms were not as severe as she alleged.

4        In sum, because the ALJ failed to explain how the medical evidence regarding Plaintiff's

5   physical examinations contradicts Plaintiff's testimony about her mental health symptoms, the

6   ALJ erred in rejecting this part of Plaintiff's testimony. But because Plaintiff's medical records

7   show that Plaintiff was not as physically restricted as she alleged, the Court finds the ALJ's

8   rejection of Plaintiff's testimony about her physical symptoms is supported by substantial

9   evidence in the record.

10       **B.      Dr. Shah's Opinion**

11       On March 27, 2017, regulations became effective that require ALJs to consider the

12  persuasiveness of the medical opinion using five factors (supportability, consistency, relationship

13  with claimant, specialization, and other), with supportability and consistency being the two most

14  important factors. 20 C.F.R. § 416.920c(a), 404.1520c(b)(2), (c). Supportability means the extent

15  to which a medical source supports the medical opinion by explaining the "relevant ... objective

16  medical evidence." 20 C.F.R. § 416.920c(c)(1), § 404.1520c(c)(1). Consistency means the extent

17  to which a medical opinion is "consistent ... with the evidence from other medical sources and

18  nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(2), § 404.1520c(c)(2). The ALJ's

19  decision must explain how the ALJ considered the factors of supportability and consistency, 20

20  C.F.R. § 416.920c(b), and must be supported by substantial evidence. The agency must

21  "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other

22  source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and

23  consistency factors" in reaching these findings. *Id*. § 404.1520c(b)(2).

ORDER REVERSING, IN PART, AND
REMANDING THE COMMISSIONER'S
FINAL DECISION - 6

1   In *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the Court of Appeals held these

2   regulations governing applications filed after March 27, 2017, supplant the hierarchy governing

3   the weight an ALJ must give medical opinions and the requirement that the ALJ provide specific

4   and legitimate reasons to reject a doctor's opinion. The Ninth Circuit also stated that "an ALJ

5   cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without

6   providing an explanation supported by substantial evidence. *Woods*, 32 F.4th at 792.

7   Plaintiff contends the ALJ erred by ignoring the medical opinion of Amie Shah, M.D.,

8   one of Plaintiff's treating providers.[2] Dkt. No. 11, at 5–6. Dr. Shah completed a questionnaire

9   prepared by Plaintiff's counsel on July 16, 2020 that lists a series of statements and poses

10  questions about Plaintiff's impairments and her ability to work. AR 923–25. For example, one of

11  the questions posed was, "Is [Plaintiff] treated for medical conditions that would interfere with

12  prolonged standing, walking or sitting upright, use of either upper extremity for reaching,

13  holding, handling or fingering, and/or would require that her lay down at time during the day?"

14  AR 923. For this question, Dr. Shah circled "Yes." *Id*. Another question consisted of a checklist

15  asking Dr. Shah to mark which of the following the opinions expressed in the questionnaire were

16  based on: "My own observations, the medical record and professional expertise" or "The

17  patient's statements." AR 925. For this question, Dr. Shah checked both. *Id*.

18  The Commissioner concedes the ALJ failed to consider the questionnaire, but contends

19  this was harmless error because it was based heavily on Plaintiff's self-reports. Dkt. No. 14, at 8.

20  The argument fails for two reasons.

21  First, although the Commissioner correctly points out the ALJ can reject a medical

22

23  [2] *See* AR 696, 703, 709–14, 720–28, 731–34, 736–66, 769–74, 777–82, 787–90, 797– 805, 807–10, 812–36, 846–56, 864–78, 885–92, 894–969.

ORDER REVERSING, IN PART, AND
REMANDING THE COMMISSIONER'S
FINAL DECISION - 7

1    opinion if it relies on the statements of a plaintiff who has not been found credible, the Court

2    cannot say whether the ALJ did so properly or improperly here for that reason because the ALJ

3    did not discuss Dr. Shah's medical opinion at all. The ALJ "must provide sufficient reasoning

4    that allows us to perform our own review, because the grounds upon which an administrative

5    order must be judged are those upon which the record discloses that its action was

6    based." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of*

7    *Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)). Here, the ALJ did not acknowledge Dr.

8    Shah's medical opinion, let alone provide an explanation as to whether the opinion should be

9    rejected or credited. The Court cannot determine the validity of a reason that was not provided

10   and certainly cannot rely upon the post hoc rationale the Commissioner now posits. Further, as

11   Dr. Shah's opinions were based not only on Plaintiff's statements but also on Dr. Shah's "own

12   observations, the medical record and professional expertise," *see* AR 925, the record alone

13   cannot provide an independent basis for affirming the ALJ's unexplained opinion.

14        Second, ignoring the medical opinion of a treating doctor is not harmless error because in

15   doing so, the ALJ "provide[s] an incomplete residual functional capacity [("RFC")]

16   determination." *See Hill*, 698 F.3d at 1161.

17        A person's RFC "is the most [the person] can still do despite [his/her] limitations." 20

18   C.F.R. §§ 404.1545(a), 416.945(a). The claimant's RFC is used by an ALJ to determine whether

19   a claimant is able to perform past relevant work and whether there are jobs that exist in

20   significant numbers in the national economy that the claimant can perform, such that the

21   claimant is not "disabled." 20 C.F.R. §§ 404.1520(f), (g). In making an RFC determination, the

22   ALJ was required to assess Plaintiff's RFC "based on all of the relevant medical and other

23   evidence," including Plaintiff's "medically determinable impairments," whether or not they are

ORDER REVERSING, IN PART, AND
REMANDING THE COMMISSIONER'S
FINAL DECISION - 8

1  severe, as well as "any statements about what [Plaintiff] can still do that have been provided by

2  medical sources, whether or not they are based on formal medical examinations." *See* 20 C.F.R.

3  §§ 404.1545(a), 416.945(a).

4      In this case, by omitting the evaluation of Dr. Shah's medical opinion, the ALJ failed to

5  account for all of Plaintiff's limitations, rendering Plaintiff's RFC determination incomplete.

6  This is harmful error because, to support a finding that a claimant is not disabled, the ALJ relied

7  on the testimony of a vocational expert, by posing a hypothetical of whether there are jobs

8  available in the national economy for an individual of Plaintiff's age, education, work

9  experience, and RFC. As Plaintiff's RFC was incomplete, the hypothetical question presented to

10 the vocational expert was also necessarily incomplete, "and therefore the ALJ's reliance on the

11 vocational expert's answers [is] improper." *Hill*, 698 F.3d at 1162.

12     The Court thus concludes that the ALJ erred in failing to address Dr. Shah's opinions,

13 and that such error was not harmless.

14     **C.    Plaintiff's Mental Health RFC**

15     Plaintiff contends the ALJ erred for failing to base her mental health RFC on any of the

16 medical opinions the ALJ accepted. Dkt. No. 11, at 11. An ALJ must assess a claimant's RFC

17 "based on all the relevant evidence in [the] case record," 20 C.F.R. §§ 404.1545(a)(1),

18 416.945(a)(1), but there is no requirement to base the RFC on one or more medical opinions. 20

19 C.F.R. §§ 404.1545 (a)(3) and 416.945(a)(3). In this case, the ALJ determined Plaintiff "has no

20 limitations in understanding and memory; can concentrate long enough to complete work

21 assignments." AR 20. These limitations are nearly identical to—and so presumably drawn

22 from—the findings of Dr. Borton, who found Plaintiff has no understanding and memory

23 limitations and is "able to concentrate long enough to complete work assignments within an

ORDER REVERSING, IN PART, AND
REMANDING THE COMMISSIONER'S
FINAL DECISION - 9

1    acceptable time frame." AR 76. The Court, therefore, cannot say that the ALJ's mental RFC

2    assessment was erroneous for the reason posited by Plaintiff. However, for the reasons discussed

3    in the previous section, the ALJ harmfully erred in assessing Plaintiff's RFC by failing to

4    consider Dr. Shah's opinion. Thus, even though the ALJ's mental RFC determination is

5    supported by the record, Plaintiff's RFC must nonetheless be reassessed.

6                                    **III.    CONCLUSION**

7            For the foregoing reasons, the Commissioner's final decision is REVERSED, IN PART, and

8    this case is REMANDED for further administrative proceedings under 42 U.S.C. § 405(g).

9            On remand, the ALJ shall reevaluate Plaintiff's testimony about her mental health,

10   articulate findings with regard to Dr. Shah's opinion, develop the record and reassess Plaintiff's

11   residual functional capacity as needed, and proceed to the remaining steps of the disability

12   evaluation process.

13           Dated this 28th day of June 2022.

14

15                                          _____

16                                          Tana Lin
                                            United States District Judge

17

18

19

20

21

22

23

ORDER REVERSING, IN PART, AND
REMANDING THE COMMISSIONER'S
FINAL DECISION - 10