UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLORIA R.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C21-1689 TL

ORDER GRANTING MOTION FOR ATTORNEY FEES

This matter comes before the Court on Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 18.[1]

On June 29, 2022, the Court entered final judgment on this case, ordering the Commissioner's decision be reversed and remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. 17. A party seeking an award of fees must submit the application to the court within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). Therefore, a timely application for fees in this type of case should be submitted within 90 days of the judgment of the court: *i.e.*, 30 days from the end of the 60 day period for a United States

---

[1] Plaintiff appears to have filed her motion and related documents out of order. Accordingly, the actual motion for attorney fees is found as an attachment, at Dkt. No. 18-3.

ORDER GRANTING MOTION FOR
ATTORNEY FEES - 1

Agency to appeal pursuant to Fed. R. App. P. 4(a)(1)(B). *Id. See also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—i.e., 30 days after the time for appeal has ended"); *Akopyan v. Barnhart*, 296 F.3d 852, 856–57 (9th Cir. 2002) (time frame to file a petition for attorneys' fees begins to run upon expiration of the 60 day appeal period). On September 26, 2022, Plaintiff timely filed a motion for attorney fees. Dkt. 18.

Upon review of the motion and the record, and as the Court remanded the decision for further proceedings, the Court determines that Plaintiff is the prevailing party. *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is the prevailing party upon the district court's order to remand under sentence four of 42 U.S.C. §405(g)). The Court also determines the Commissioner's position was not substantially justified and the itemization of attorney time spent is reasonable. In short, the requirements of 28 U.S.C. § 2412(d)(1)(B) are met.

Having thoroughly considered the Plaintiff's briefing and the relevant record, the Court hereby GRANTS the motion and AWARDS Plaintiff $5,718.64 in attorney's fees, subject to any offset allowed under the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589–90 (2010). Payment of EAJA fees shall be sent to Plaintiff's attorney by either EFT or check at: David Oliver at David Oliver & Associates, 2608 South 47th Street, Suite C, Tacoma, WA 98409. Pursuant to *Ratliff*, award shall be payable to Plaintiff's attorneys, David Oliver at David Oliver & Associates, if the Commissioner confirms that Plaintiff owes no debt to the Government through the Federal Treasury Offset program.

///

///

///

ORDER GRANTING MOTION FOR
ATTORNEY FEES - 2

For the foregoing reasons, Plaintiff's motion for attorney fees (Dkt. No. 18) is GRANTED.

Dated this 9th day of November 2022.

Tana Lin
United States District Judge

ORDER GRANTING MOTION FOR
ATTORNEY FEES - 3